PHILIP CONNERS *vs.* LORING LOKER.

Middlesex.   March 22. — 26, 1883.   DEVENS & W. ALLEN, JJ., absent.

The mere driving cows off a person's land into the highway, and detaining them there until the owner comes and takes them away, and then demanding a sum of money as damages, is not, as matter of law, an impounding of the cows.

TORT, for breaking and entering the plaintiff's close in Chelmsford, in October 1881. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff's evidence tended to show that he found the cows of the defendant in one of his fields, doing damage; that he drove or caused the cows to be driven from the field into the highway, and immediately notified the defendant of what had occurred; that the defendant, who lived within half a mile of the plaintiff's land, went at once to the place where the plaintiff had the cows in the highway; that the plaintiff then demanded of the defendant five dollars for the damage done by his cows upon the plaintiff's premises, and said to him that, if he did not pay the five dollars, he would sue him for the same; that the

defendant refused to pay the five dollars, and thereupon took possession of his cows, without any objection on the part of the plaintiff, and drove them back to his own premises; and that the plaintiff did not attempt, or make any claim of a right, to distrain the defendant's cows until the defendant should pay the sum demanded.

The judge instructed the jury, that, if the plaintiff found the cows of the defendant doing damage on his land, he might recover his damages in an action of tort against the defendant, or he might distrain the cows; and that if the plaintiff distrained or undertook to distrain the defendant's cows, and by that means to enforce the payment of the five dollars demanded by him, he could not now maintain this action for the recovery of the sum so demanded.

No objections were made to the instructions given to the jury; but, after the instructions had been given, the defendant requested the judge to instruct the jury that, if the plaintiff took the cows of the defendant from the plaintiff's premises, drove them away and detained them, and kept them under his control until the arrival of the defendant, whom the plaintiff had sent for, and, when the defendant came, demanded of him five dollars as damages done by the cows on the plaintiff's premises, such act of the plaintiff was an impounding of the cows, and the plaintiff could not recover such damages in this action. The judge declined to give this instruction.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. Ladd*, for the defendant.

*G. Stevens & G. H. Stevens*, for the plaintiff.

BY THE COURT. The plaintiff had his election of remedies for the damages to his land by the cows of the defendant, either by impounding them or by an action of tort. Gen. Sts. *c.* 25, § 25. Pub. Sts. *c.* 36, § 27. The mere driving the cows out of his land into the highway, and detaining them there until the owner came and took them away, and then demanding five dollars as damages, was not, as matter of law, an impounding of the cows by the plaintiff.

The court properly refused the instruction requested by the defendant. *Exceptions overruled.*